[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14712
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:11-cv-00666-JA-DAB


NELSON BOBADILLA,
SANDRA GUTIERREZ,

                                                      Plaintiffs-Appellants,

versus

AURORA LOAN SERVICES, LLC,
FANNIE MAE,
DOES A THRU Z,

                                                      Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 7, 2012)

Before TJOFLAT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

On February 6, 2006, Nelson Bobadilla signed an adjustable rate promissory note in favor of First Magnus Financial Corporation for $321,338, and he and Sandra Gutierrez simultaneously gave Mortgage Electronic Registration Systems, Inc., as nominee for First Magnus Financial, a mortgage on their residence to secure the loan. On June 5, 2009, the note and mortgage were assigned to Aurora Loan Services, LLC., the appellee.

In July 2009, after Bobadilla defaulted on the note, Aurora filed a mortgage foreclosure action in the Circuit Court for Orange County, Florida, against him and Gutierrez, the appellants. Aurora obtained a judgment of foreclosure and, on October 12, 2010, the property was sold to Aurora at a foreclosure sale. On October 19, 2010, appellants objected to the sale and, the same day, filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Middle District of Florida. The bankruptcy case concluded in February 2011, and appellants were discharged.

On April 11, 2011, after the foreclosure court denied appellants' objection to the foreclosure sale, Aurora obtained title to the subject property. Two days later, on April 13, appellants filed in the bankruptcy court, under Chapter 13, a Suggestion of Bankruptcy. Since appellants had been discharged in the Chapter 7

2

case, the bankruptcy court dismissed the Chapter 13 filing, on April 28, 2011.

Meanwhile, on April 22, appellants filed the instant lawsuit in the U.S. District Court for the Middle District of Florida against Aurora (and others not before this court), challenging the validity of the foreclosure under a multitude of legal theories—all arising out of appellants' execution of the February 6, 2006 mortgage and the July 2009 foreclosure action. The case was referred to a magistrate judge, and in due course he issued an order requiring appellants to show cause why the case should not be dismissed for lack of standing on their part. It appeared to the judge that, since appellants possessed the claims asserted in the instant case at the time their Chapter 7 case was still pending, the claims were assets of the bankruptcy estate and the party having standing to pursue them was the bankruptcy trustee, not appellants.

Appellants' response to the order to show cause did not, in the judge's view, demonstrate that appellants had standing. As the judge stated in the Report and Recommendation ("R & R") he submitted to the district court, "[appellants] present no argument that the numerous [claims] pled in the Complaint, all of which pre-date the bankruptcy filing, are not vested in the bankruptcy estate." Record, Vol. 1, Tab 31 at 4. He therefore concluded that "[t]o the extent that there could be any claim arising out of the foreclosure action that is cognizable in

3

federal court, as [appellants] have not shown that this claim was listed on the bankruptcy schedules and abandoned by the Trustee, it continues to be the property of the bankruptcy estate and [appellants] are without standing to pursue it here." *Id*. at 5.

The magistrate judge therefore recommended that the district court dismiss the case for lack of appellants' standing to pursue it. The district court accepted the recommendation and, over appellants' objections to the R & R, dismissed the action. Record, Vol. 1 at Tab 33. Appellants appeal the court's decision.

Appellants' first argument is based on the magistrate judge's taking judicial notice of appellants' bankruptcy proceedings. They contend that the magistrate judge erred in doing so; hence, he had no evidence on which to predicate his lack-of-standing decision. We disagree. "A court may take judicial notice of its own records and the records of inferior courts." *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987). And the court may do so at any stage of the proceeding. *See* Fed. R. Evid. 201(c). Moreover, that appellants did not disclose in their bankruptcy filings the claims they assert in the instant case cannot be disputed.

Appellants' second argument is that the magistrate judge's orders are null and void because the district court did not explicitly refer the case to the magistrate judge and they did not consent to the magistrate judge's exercise of

4

jurisdiction. The argument fails. First, consent is not required for magistrate judge actions taken in compliance with 28 U.S.C. § 636(b)(1). *See Jeffrey S. By Ernest S. V. State Bd. Of Educ. Of State of Ga*, 896 F.2d 507, 511-12 (11th Cir. 1990) (holding that magistrate judge could, without consent of parties, hold a pretrial hearing and issue a report and recommendation based on the findings made). Second, § 636(b)(1) does not require a written referral. *Id*. at 511 n.13.

Appellants' third argument is that the magistrate judge erred in denying appellants' motions for default judgments against Aurora and another defendant, Fannie Mae. This argument also fails. When a party neglects to challenge a magistrate judge's non-dispositive order in objections filed before the district judge, the party waives the right to appeal the ruling. In their objections to the R & R, appellants failed to object to the magistrate judge's denial of their motions for default; thus, they waived their objection. *Farrow v. West*, 320 F.3d 1235, 1248 n.21 (11th Cir. 2003).

In sum, we find no merit in appellants' challenges to the district court's judgment. The judgment is, accordingly,

AFFIRMED.